IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-

CHRISTOPHER MACDUFF,
DILLON MEANS,

    Plaintiffs,

v.

LONDON SPRINGS, LLC, dba AMBLI GLOBAL CUISINE,
a Colorado limited liability company, and
PARIZA B. MEHTA, an individual
KELLY L. MORRISON, an individual,

    Defendants

## COMPLAINT

Plaintiffs Christopher MacDuff ("MacDuff") and Dillon Means ("Means"), by and through undersigned counsel, files this Complaint against Defendants London Springs, LLC, a Colorado limited liability company doing business as Ambli Global Cuisine ("Ambli"), and Pariza B. Mehta ("Mehta") and Kelly L. Morrison ("Morrison"), individuals, and states as follows:

### STATEMENT OF THE CASE

1. The federal Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.,* (the "FLSA"), the Colorado Wage Claim Act, C.R.S. § 8-4-101 *et seq.* (the "CWCA"), and the Colorado Minimum Wage Act, C.R.S. § 8-6-101, *et seq.,* (the "CWMA") as implemented by the Colorado Overtime and Minimum Pay Standards Order ("COMPS"), 7 Colo. Code Regs. §1103-1, prescribe various rules regarding employee wages and hours.

Defendants violated the FLSA, the CWCA, the CMWA, and the COMPS Order, by (a) improperly diverting Plaintiffs' tips and failing to pay those amounts to them, (b) improperly misclassifying Plaintiffs as exempt from overtime and failing to pay them at the applicable overtime rate for all hours they worked over forty (40) hours in any workweek, (c) failing to pay Plaintiffs for all hours worked; and (d) failing to provide Plaintiffs with ten (10) minute paid breaks every four (4) hours. This action seeks to recover backpay, liquidated damages, and statutory penalties, as applicable, to compensate Plaintiffs for these wage violations.

## PARTIES, JURISDICTION, AND VENUE

2. MacDuff is an individual and resident of the State of Colorado.

3. Means is an individual and resident of the State of Colorado.

4. Ambli is a restaurant, organized under the laws of Colorado with its place of business located at 5278 N. Nevada Avenue, #160, Colorado Springs, CO 80918.

5. Mehta, an individual, is, upon information and belief, a member and owner of Ambli, and is a resident of the State of Colorado.

6. Morrison, an individual, is, upon information and belief, a member and owner of Ambli, and is a resident of the State of Colorado. Morrison is also the registered agent for Ambli, according to the records of the Colorado Secretary of State.

7. This Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. §§ 207(a), 216(b) and §1331.

8. Defendants are subject to personal jurisdiction in Colorado because they conduct substantial business in this state and the acts and omissions alleged herein occurred in this state.

9. Jurisdiction over Plaintiffs' state law claims is based upon 28 U.S.C. § 1367 because they are so related to their FLSA claims that they form part of the same case or controversy.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## FACTUAL BACKGROUND

11. Defendants employed Plaintiffs as servers at Ambli from July to December 2020.

12. At all relevant times, Plaintiffs' primary duties were to provide service to Ambli restaurant dining customers, including taking their orders, delivering food and drink to them, collecting payments, and assisting in bussing tables.

13. Plaintiffs did not supervise the work of at least two other full-time employees, did not have any authority to hire or fire any other employees, or to effectively recommend such action, and did not spend at least 50% of the workweek in duties directly related to any supervision.

14. Plaintiffs did not have any authority to set or change the work hours, work duties, or rate(s) of pay of any other employees.

15. Plaintiffs did not perform any work directly related to assisting with the running or servicing of Ambli's business.

16. Morrison and Mehta both managed Ambli's daily operations. They were present in the restaurant nearly all of the time that Plaintiffs worked.

17. Morrison and Mehta were both directly responsible for setting Plaintiffs' work hours and rate(s) of pay, supervising their work performance and job duties.

18. Morrison reviewed and processed Ambli's payroll, and signed all of Plaintiffs' paychecks.

19. When Ambli was permitted to operate during the period of Plaintiffs' employment, Plaintiffs worked six (6) days per week.

20. Plaintiffs recorded their hours worked by clocking in and out each shift.

21. For the first two weeks of his employment, July 6-19, 2020, Defendants paid MacDuff a "salary" of $875 per week.

22. From July 20 to August 16, 2020, Defendants paid MacDuff a "salary" of $1,000 per week.

23. From August 17 to November 9, 2020, Defendants paid MacDuff a "salary" of $1,200 per week.

24. From November 10-22, 2020, Defendants paid MacDuff a "salary" of $1,000 per week.

25. From November 23, 2020, until the end of his employment, Defendants paid MacDuff at the rate of $25 per hour.

26. For the first month of his employment, in July 2020, Defendants paid Means a "salary" of $1,000 per week.

27. From August 2020 to November 16, 2020, Defendants paid Means a "salary" of $1,200 per week.

28. From November 16, 2020, until the end of his employment, Defendants paid Means at the rate of $25 per hour.

29. Ambli styles itself as an "upscale" restaurant, serving appetizers priced at approximately $12 each, and entrees from $17 to $23 each. It serves cocktails at $10 to $13 each, and bottles of wine from $32 to $85.

30. Due to its location, menu, décor, and style of service, customers regularly left generous amounts of tips to Plaintiffs.

31. During their employment by Defendants, Plaintiffs each earned and received tens of thousands of dollars in tips. Per each shift each Plaintiff worked, those amounts averaged between $200 and over $1,000.

32. Plaintiffs recorded all amounts of tips on credit card receipts, and on their nightly sales reports. For example, on the evening of November 25, 2020, MacDuff recorded receiving the total amount of $357.48.

33. Defendants did not notify each patron in writing, via a notice on Ambli's menu, table tent, or receipt, that gratuities were shared by employees.

34. Defendants did not require Plaintiffs to participate in any tip-sharing or tip-pooling arrangement.

35. Defendants kept most of the amounts of tips that Plaintiffs earned and received, and did not pay those amounts to Plaintiffs.

36. According to MacDuff's paystubs, Defendants paid him only $800 in tips for the entire period of his employment.

37. Defendants paid Means only a small fraction of the actual amounts of his tips for the entire period of his employment.

38. During some of the periods of their employment, Plaintiffs worked over 40 hours per workweek.

39. Defendants did not pay Plaintiffs any overtime compensation for the hours they worked over 40 hours per workweek.

40. Regardless of the actual number of hours that Plaintiffs worked each workweek, their bi-weekly paystubs falsely stated that they worked 80 hours each pay period, or the equivalent of 40 hours per workweek.

41. Defendants required Plaintiffs to perform work duties "off-clock", outside of their regularly scheduled work hours, for substantial periods of time each week. These duties included weekly pre-shift meetings, wine list research and development, meeting with outside sales representatives, and preparation and revision of training packets and sidework checklists for other employees.

42. Defendants did not keep any records of the amounts of time Plaintiffs performed work duties as directed "off-clock".

43. Defendants also did not provide Plaintiffs with ten-minute paid breaks for every continuous period of four hours that they worked.

44. Plaintiffs complained to Defendants about Defendants' pay practices, including Defendants' illegal forfeiture of their tips, nonpayment of overtime compensation, and failure to provide paid breaks.

45. Defendants retaliated against Plaintiffs and terminated their employment because of their complaints about Defendants' pay practices.

46. Contemporaneous with the service of a copy of the Summonses and this Complaint upon each of the Defendants, Plaintiffs, through undersigned counsel, also served Defendants with a separate written demand for all of the amounts of their earned but unpaid wages.

**FIRST CLAIM FOR RELIEF**
**FLSA, 29 U.S.C. § 201, *et seq.***

*Theft of Plaintiffs' Tips*

47. Plaintiffs incorporate by reference all of the above paragraphs.

48. Defendants were "employers" within the meaning of the FLSA.

49. Mehta and Morrison were employers within the meaning of the FLSA, 29 U.S.C. § 203(d).

50. Defendants employed Plaintiffs as employees.

51. At all relevant times, Ambli was an enterprise engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA. It engaged in the production of goods for interstate commerce, and/or worked on goods or materials that had been moved in or produced for interstate commerce.

52. Upon information and belief, at all relevant times, Ambli had gross volume of sales of at least $500,000 annually.

53. Plaintiffs performed work duties in which they customarily and regularly received tips from Ambli's customers.

54. Defendants did not pay Plaintiffs all of the amounts of tips that they collected and earned.

55. The FLSA prohibits employers from keeping their employees' tips for any purposes, regardless whether or not they take a "tip credit". 29 U.S.C. § 203(m)(2)(B).

56. As a result of the foregoing conduct, as alleged, Defendants violated the FLSA, 29 U.S.C. §§ 203(m)(2)(B).

57. Defendants' violation of the FLSA was committed knowingly, willfully and with reckless disregard of applicable law.

58. Pursuant to the FLSA, 29 U.S.C. §§ 216(b) and (c), Defendants are liable to Plaintiffs for the amount of their tips that Defendants unlawfully kept, plus an additional equal amount as liquidated damages; plus reasonable attorneys' fees, costs, and disbursements of this action.

## SECOND CLAIM FOR RELIEF
### COMPS Order, 7 Colo. Code Regs. §1103-1, and CWCA, C.R.S. § 8-4-103(6)

*Theft of Plaintiffs' Tips*

59. Plaintiffs incorporate by reference all of the above paragraphs.

60. Defendants were "employers", as defined by C.R.S. § 8-4-101(6), and COMPS Order Rule 1.6.

61. Defendants employed Plaintiffs as employees, as defined by C.R.S. § 8-4-101(5), and COMPS Order Rule 1.5.

-9-

62. Plaintiffs performed work duties in which they customarily and regularly received tips from Ambli's customers.

63. Plaintiffs were therefore "tipped employees", as defined by COMPS Order, Rule 1.10.

64. The COMPS Order and the CWCA provide that it is unlawful for an employer to assert a claim to, right of ownership in, or control over tips or gratuities intended for employees. COMPS Order, Rule 6.1, and C.R.S. § 8-4-103(6).

65. All of the amounts of tips that Plaintiffs received while employed by Defendants were amounts of their earned wages.

66. Defendants did not pay Plaintiffs all of the amounts of tips that they collected and received, their earned wages, following each regular pay period.

67. As a result of the foregoing conduct, as alleged, Defendants violated the CWCA, C.R.S. § 8-4-103(1).

68. Defendants' violation of the COMPS Order and the CWCA was committed knowingly, willfully and with reckless disregard of applicable law.

69. Pursuant to the CWCA, C.R.S. § 8-4-109(1)(a), Defendants are liable to Plaintiffs for the amount of their tips that Defendants unlawfully kept.

70. Pursuant to the CWCA, C.R.S. § 8-4-109(3)(b), if Defendants do not pay Plaintiffs all of their earned, vested, and determinable wages – including, but not limited to, the amounts of their tips – within fourteen days of when they received Plaintiffs' written demand for wages, Defendants are also liable to Plaintiffs for the penalties prescribed by the statute.

### THIRD CLAIM FOR RELIEF
**FLSA, 29 U.S.C. § 201, *et seq.***

*Unpaid overtime*

71. Plaintiffs incorporate by reference all of the above paragraphs.

72. Plaintiffs were not executive employees of Ambli.

73. Plaintiffs' work duties did not include the performance of office or non-manual work directly related to Ambli's management or general business operations of Ambli or its customers.

74. Plaintiffs' primary work duties did not include the exercise of discretion and independent judgment with respect to matters of significance.

75. Thus, Plaintiffs' work duties did not qualify for any authorized exemption from the overtime requirements of the FLSA.

76. Ambli did not pay Plaintiffs at the overtime rate for hours they worked more than 40 in each workweek.

77. As a result of the foregoing conduct, as alleged, Defendants violated the FLSA, 29 U.S.C. § 207(a)(1).

78. Defendants' violation of the FLSA was committed knowingly, willfully and with reckless disregard of applicable law.

79. Pursuant to the FLSA, 29 U.S.C. § 216(b), Defendants are liable to Plaintiffs for the amount of overtime compensation that Defendants unlawfully failed to pay them, plus an additional equal amount as liquidated damages; plus reasonable attorneys' fees, costs, and disbursements of this action.

## FOURTH CLAIM FOR RELIEF
### COMPS Order, 7 Colo. Code Regs. §1103-1, and CMWA, C.R.S. § 8-4-118

*Unpaid overtime*

80.     Plaintiffs incorporate by reference all of the above paragraphs.

81.     Plaintiffs were employees of Defendants who were not exempt from overtime, pursuant to Rules 2.2 and 2.4 of the COMPS Order.

82.     Defendants' payment of wages to Plaintiffs via their weekly salary was not supplemented by any extra pay for overtime hours they worked, as required by the COMPS Order, Rule 1.8.2.

83.     Defendants were required to pay Plaintiffs time and one-half of the regular rate of pay for any work they performed in excess of 40 hours per workweek. COMPS Order, Rule 4.1.1(A).

84.     Plaintiffs may recover, and Defendants are liable to them for, the unpaid balance of the full amount of their earned wages owed, including but not limited to all amounts of unpaid overtime, plus reasonable attorney fees and court costs. COMPS Order, Rule 8.1(A), and C.R.S. § 8-6-118.

## FIFTH CLAIM FOR RELIEF
### FLSA, 29 U.S.C. § 201, *et seq.*

*Additional unpaid overtime due to "off-clock" work time*

85.     Plaintiffs incorporate by reference all of the above paragraphs.

86.     Defendants did not pay Plaintiffs any additional amounts of compensation for time they spent doing work duties, which Defendants required them to perform, outside of their regularly scheduled work hours.

87. If, by adding the actual amounts of Plaintiffs "off-clock" work time to their recorded number of hours, the total number of hours each Plaintiff worked each workweek exceeds 40, then Plaintiffs are entitled to additional compensation for those overtime hours, at the rate of time and one-half of the regular rate of pay as calculated for each such workweek.

88. Pursuant to the FLSA, 29 U.S.C. § 216(b), Defendants are liable to Plaintiffs for the amounts of overtime compensation that Defendants unlawfully failed to pay them due to "off-clock" work time, plus an additional equal amount as liquidated damages; plus reasonable attorneys' fees, costs, and disbursements of this action.

**SIXTH CLAIM FOR RELIEF**
**COMPS Order, 7 Colo. Code Regs. §1103-1, and CMWA, C.R.S. § 8-4-118**

*Additional unpaid overtime due to "off-clock" work time*

89. Plaintiffs incorporate by reference all of the above paragraphs.

90. Plaintiffs may recover, and Defendants are liable to them for, the unpaid balance of the full amount of their earned wages owed, including but not limited to all amounts of unpaid overtime due to "off-clock" work time, plus reasonable attorney fees and court costs. COMPS Order, Rule 8.1(A), and C.R.S. § 8-6-118.

**SEVENTH CLAIM FOR RELIEF**
**COMPS Order, 7 Colo. Code Regs. §1103-1, and CMWA, C.R.S. § 8-4-118**

*Failure to provide paid rest periods*

91. Plaintiffs incorporate by reference all of the above paragraphs.

92. Defendants were required to authorize and permit Plaintiffs to take a compensated 10-minute rest period for each 4 hours of work. COMPS Order, Rule 5.2.

93. Defendants' failure to provide Plaintiffs with their required rest periods effectively extended their shifts by 10 minutes, for each such rest period.

94. Defendants' failure to provide Plaintiffs with their required rest periods was a failure to pay 10 minutes of their wages. COMPS Order, Rule 5.2.,4.

95. Plaintiffs may recover the unpaid balance of the full amount of their earned wages owed, including but not limited to all amounts wages due to the denial of required rest periods, plus reasonable attorney fees and court costs. COMPS Order, Rule 8.1(A), and C.R.S. § 8-6-118.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully requests that the Court enter judgment in their favor and against Defendants as follows:

1. Damages pursuant to the FLSA in the amount of Plaintiffs' tips that Defendants unlawfully failed to pay them;

2. Damages pursuant to the FLSA in the amount of Plaintiffs' unpaid overtime wages;

3. Pursuant to the FLSA, an additional equal amount of liquidated damages;

4. Pursuant to the CMWA and the COMPS Order, damages in the amount of Plaintiffs' tips that Defendants unlawfully failed to pay them;

5. Pursuant to the CMWA and the COMPS Order, damages in the amount of Plaintiffs' unpaid overtime wages;

6. Pursuant to the CMWA and COMPS Order, damages in the amount of earned wages of which Plaintiffs were deprived due to Defendants' failure to provide them with paid rest breaks.

7. The employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes on any amount(s) of damages constituting wages;

8. If the wage payments demanded above are not tendered within 14 days of Defendants receipt of this Complaint and the contemporaneously served written wage demand, statutory penalties as prescribed by the CWCA;

9. An additional amount of statutory penalties for willful nonpayment of wages following the demand, as prescribed by the CWCA;

10. An award of reasonable attorney fees and costs in this matter; and

11. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 1st day of February 2021.

/s/ Gary M. Kramer
Gary M. Kramer
Gary Kramer Law, LLC
1465 Kelly Johnson Blvd, Suite 210
Colorado Springs, CO 80920
Phone 719-694-2783
Fax 719-452-3622

*Attorney for Plaintiffs Dillon Means and Christopher MacDuff*